UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KASHIF M. ROBERTSON,          :

    Plaintiff          :          CIVIL ACTION NO. 1:20-1736

    v.          :                    (JUDGE MANNION)

RICHARD ANGLEMEYER, *et al*.,    :

    Defendants          :

# O R D E R

Pending before the court is the January 31, 2022 report of United States Magistrate Judge Susan Schwab, (Doc. 48), which recommends that the defendants' motion to dismiss, (Doc. 32), plaintiff's amended complaint, (Doc. 30), be granted. No objections have been filed to Judge Schwab's report by either the plaintiff or the defendants and, the time within which they were due has lapsed.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges

should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Plaintiff Kashif M. Robertson filed his *pro se* amended complaint on April 28, 2021. (Doc. 30). Plaintiff essentially alleges that the two Dauphin County probation officer defendants, Richard Anglemeyer and Jason Snyder, violated his 8th Amendment rights by keeping him on supervised parole for about two months, i.e., from March 1, 2020, to April 28, 2020, after his maximum sentence expired. On May 18, 2021, defendants filed their motion to dismiss plaintiff's amended complaint pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. 32).

The report recommends that the motion to dismiss be granted with respect to plaintiff's claims for damages against defendants in their official capacities since they are barred by the 11th Amendment. However, it finds that the damages claims against defendants in their personal capacities are not barred by the 11th Amendment.

The report next finds that plaintiff's claims against defendants in their official capacities for injunctive relief are barred by the 11th Amendment since

plaintiff is seeking relief for past conduct of the defendants, i.e., he alleges that the defendants in the past miscalculated his sentences, as opposed to alleging that in the foreseeable future he is likely to suffer injury from the defendants' conduct.

The report also finds that defendants are not entitled to dismissal of the plaintiff's claims for damages based on absolute immunity in their positions as probation officers since it is not clear if the defendants were engaged in adjudicatory duties.

Further, the report finds that defendants are not entitled to dismissal of plaintiff's amended complaint based on *Heck*'s favorable-termination rule since plaintiff has sufficiently alleged that he received a favorable termination as to the calculation of this sentence in his 2016 Dauphin County Court criminal case.

However, the report finds that defendants are entitled to qualified immunity as to plaintiff's claim for damages in their personal capacities since it concludes that the defendants did not violate clearly established federal law.

The court has considered the findings in Judge Schwab's report and finds no clear error of law. In short, the court agrees with the sound reasoning which has led Judge Schwab to the conclusions in her report, and her

recommendations that the defendants' motion to dismiss be granted and the amended complaint be dismissed.

As such, the report and recommendation will be adopted in its entirety as the opinion of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The report and recommendation of Judge Schwab, **(Doc. 48)**, is **ADOPTED IN ITS ENTIRETY AS THE RULING OF THE COURT**.

**(2)** The defendants' motion to dismiss, **(Doc. 32)**, plaintiff's amended complaint, **(Doc. 30)**, is **GRANTED**.

**(3)** The plaintiff's amended complaint, **(Doc. 30)**, is **DISMISSED**.

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March , 2022**
20-1736-01