**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KASHIF M. ROBERTSON,** | : | **CIVIL ACTION NO. 1:20-1736** |
| **Plaintiff** | : | **(JUDGE MANNION)** |
| **v.** | : | |
| **RICHARD ANGLEMEYER, *et al*.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

## I.    BACKGROUND

Presently before the court is Magistrate Judge Schwab's January 31, 2022 report and recommendation, (hereinafter "report"), (Doc. 48), which recommends that the defendants' motion to dismiss, (Doc. 32), the amended civil rights complaint, under 42 U.S.C. §1983, filed by the *pro se* prisoner Kashif M. Robertson, (Doc. 30), be granted. The report finds that the amended complaint in which the plaintiff alleges that he was unlawfully kept under supervised release, for about two months, by two county probation

officers after his maximum sentence expired should be dismissed for several reasons.[1]

After being granted an extension of time, Robertson filed objections to Judge Schwab's report on April 11, 2022. (Doc. 52). The defendants did not respond to Robertson's objections and the time within which a response was due has expired.

For the following reasons, the report, (Doc. 48), will be **ADOPTED IN ITS ENTIRETY**, and the defendants' motion to dismiss, (Doc. 32), Robertson's amended complaint, (Doc. 30), will be **GRANTED**, to the extent discussed below. Robertson's objections to the report, (Doc. 52), will be **OVERRULED**. Robertson's requests for a stay of this case, (Doc. 30 at 5, para. 4.4 & Doc. 52 at 2), will be **DENIED**.

## II.   STANDARD

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of

---

[1] The report summarizes the relevant 2016 and 2017 criminal dockets of Robertson and his sentences imposed by the Dauphin County Court. *See* Commonwealth   v.   Robertson, CP-22-CR-0002594-2016   and Commonwealth v. Robertson, CP-22-CR-0002276-2017. The court takes judicial notice of Robertson's state court criminal dockets which can be found at   https://ujsportal.pacourts.us/Report/CpDocketSheet. Also, since the report, (Doc. 48 at 4-10), accurately summarizes Robertson's sentences in his 2016 and 2017 criminal cases, it will not be repeated herein.

the report to which objections are made. 28 U.S.C. §636(b)(1); <u>Brown v. Astrue</u>, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. <u>Rieder v. Apfel</u>, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing <u>United States v. Raddatz</u>, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Fed.R.Civ.P. 72(b)</u>, advisory committee notes; *see also* <u>Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010)</u> (citing <u>Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)</u> (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. <u>28 U.S.C. §636(b)(1)</u>; <u>M.D. Pa. Local Rule 72.3</u>.

## III.   DISCUSSION

Since the complete background of this case is stated in Judge Schwab's report, (Doc. 48), it will not be repeated herein.[2] Suffice it to say that Robertson, an inmate at the Dauphin County Prison, filed his *pro se* amended complaint on April 28, 2021. (Doc. 30). He essentially alleges that the two Dauphin County probation officer defendants, Richard Anglemeyer and Jason Snyder, violated his 8th Amendment rights by keeping him on supervision for about two months, i.e., from March 1, 2020, to April 28, 2020, after his maximum sentence expired in his 2016 criminal case. On May 18, 2021, defendants filed their motion to dismiss plaintiff's amended complaint pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. 32). Specifically, Anglemeyer and Snyder argue that the court should dismiss Robertson's amended complaint since they are entitled to 11th Amendment immunity and absolute immunity, since Robertson's claims are barred by the favorable-termination rule of Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and since they are entitled to qualified immunity. The report analyzes

---

[2]Also, since Judge Schwab states the correct applicable legal standard for a motion to dismiss under Rule 12(b)(6), as well as the correct pleading standard, they shall not be repeated herein. Further, Judge Schwab states the correct applicable legal standards with respect to the 11th Amendment and the Younger abstention doctrine, and they will not be repeated.

defendants' contentions and Robertson's claims, and recommends that the amended complaint be dismissed in its entirety for a myriad reasons.

Robertson sues Anglemeyer and Snyder in both their individual and official capacities. Robertson seeks injunctive relief as well as compensatory and punitive damages against the defendants.

The court will now address the report's findings *seriatim*.

**1. 11th Amendment immunity**

The report recommends that the defendants' motion to dismiss be granted to the extent that Robertson is deemed as seeking damages against defendants in their official capacities since they are barred by the 11th Amendment. However, it finds that the damages claim against defendants in their individual or personal capacities is not barred by the 11th Amendment.

No doubt that insofar as Robertson has sued defendants Anglemeyer and Snyder in their official capacities, any claims for damages are barred by the 11th Amendment. See Kentucky v. Graham, 473 U.S. 159, 165–67, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (holding that claims for damages against a state officer acting in his official capacity are barred by the 11th Amendment); *see also* Pisciotta v. Szelewski, 2015 WL 2455166, *3 (W.D. Pa. May 22, 2015) (holding that "Congress has not expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for

damages."). Thus, to the extent Robertson asserts claims for monetary damages against defendants in their official capacities, they will be dismissed.

The report is also correct that Robertson's claims for damages against Anglemeyer and Snyder in their individual or personal capacities are not barred by the 11th Amendment. *See id*.

Next, the report finds that while claims against state officials in their official capacities for prospective injunctive relief are not barred by the 11th Amendment under *Ex parte* Young, s*ee* Laskaris v. Thornburgh, 661 F.2d 23, 26 (3d Cir.1981) (citing *Ex parte* Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). However, the report correctly concludes that Robertson's claims for injunctive relief against the defendants in their official capacities are barred by the 11th Amendment since "[h]e does not allege facts that raise a reasonable inference that either defendant Anglemeyer or defendant Snyder will in the foreseeable future be in a position to misconstrue or miscalculate another sentence of his."

As such, Robertson's claims against defendants in their official capacities for injunctive relief will be dismissed because they are barred by the 11th Amendment since he is seeking relief for past conduct of the defendants, i.e., he alleges that the defendants in the past miscalculated his

sentence as to the length of his supervision, as opposed to alleging that in the foreseeable future he is likely to suffer injury from the defendants.

### 2. Absolute Immunity

The report also finds that defendants are not entitled to dismissal of the plaintiff's claims for damages (in their individual capacities) based on absolute immunity due to their positions as probation officers.

"A Rule 12(b)(6) dismissal on the basis of absolute immunity is appropriate so long as the allegations of [the] complaint ... indicate the existence of absolute immunity as an affirmative defense, and the defense ... clearly appear[s] on the face of the complaint." Lyszkowski v. Gibbons, 686 Fed.Appx. 87, at 90 n. 2 (3d Cir. 2017) (internal quotations omitted) (quoting Wilson v. Rackmill, 878 F.2d 772, 776 (3d Cir. 1989). Here, these conditions are not met as the report finds since "Robertson alleges that the defendants failed to comply with the court's sentencing order as to the 2016 docket and continued his probation supervision even after his maximum sentence expired" and, these allegations do not show that the defendants were engaged in adjudicatory duties which would be protected by absolute immunity.

"When probation officers act in an executive capacity, i.e., charg[ing] [a defendant] with wrongdoing and present[ing] evidence to that effect,

[supervising a defendant's probation, investigating his compliance with probation conditions, and issuing probation violations, and computation of the amount of prior sentence credit due a defendant], they "are not entitled to absolute [quasi-judicial] immunity from suit, but only to a qualified, good-faith immunity." Lyszkowski, 686 Fed. Appx. at 91 n. 6 (citing Harper v. Jeffries, 808 F.2d 281, 284 (3d Cir. 1986) (internal quotations omitted). Here, the defendants were acting in an executive capacity and, thus are not entitled to absolute immunity. The court will address below the reports finding that the defendants are entitled to qualified immunity.

Thus, the report correctly recommends that the defendants' motion to dismiss be denied based on absolute immunity.

### 3. *Heck* Favorable-Termination Rule

Further, the report finds that defendants are not entitled to dismissal of Robertson's amended complaint based on Heck's favorable-termination rule. "In Heck, 'the Supreme Court held that where success in a §1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence.'" Lyszkowski, 686 Fed. Appx. at 91 (quoting Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006)). Also, "Heck applies to claims against [a]

probation officer related to probation revocation decisions." *Id*. (citation omitted). The report points out that "Robertson is not challenging the revocation of his probation as to [his] 2016 [criminal case] or the sentence he received after that revocation", [r]ather, he claims that the defendants kept him on supervision even after the maximum term of his sentence expired." Here, the report finds that since Robertson has sufficiently alleged that he received a favorable termination as to the calculation of his sentence in his 2016 Dauphin County Court criminal case, "the defendants are not entitled to dismissal of the amended complaint based on the favorable-termination rule of Heck."

Thus, the report correctly recommends that the defendants' motion to dismiss be denied based on Heck.

**4. Qualified Immunity**

Finally, the report finds that defendants are entitled to qualified immunity as to Robertson's claims for damages in their personal capacities since it concludes that the defendants did not violate clearly established federal law.[3] Robertson alleges that the two probation officer defendants

---

[3]Since the report, (Doc. 48 at 32-34), states the correct applicable legal standard for qualified immunity as well as the elements for an 8th Amendment claim for detaining a prisoner beyond his maximum sentence, they shall not be repeated herein. The court also concurs with the report's finding that since the defendants failed to address whether Robertson stated a cognizable 8th

violated his 8th Amendment rights by keeping him on supervised parole for about two months, i.e., from March 1, 2020, to April 28, 2020, after his maximum sentence expired. However, the report explains in detail why the relevant time period for Robertson's claim is actually from April 1, 2020 to April 28, 2020, and why Robertson was still on parole as to his 2017 case during the relevant time frame.[4] (Doc. 48 at 37-38).

As mentioned, since the defendant probation officers were acting in an executive capacity by allegedly continuing Robertson's supervision after his maximum sentence expired with respect to his 2016 criminal case, they may be entitled to qualified immunity with regard to Robertson's claims for damages. *See* Lyszkowski, 686 Fed. Appx. at 91 n. 6 (citing Harper, 808 F.2d at 284). "Qualified immunity 'protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Andrew v. Buskirk, 775 F.App'x 737, 741 (3d Cir. 2019) (citation

---

Amendment claim, the focus will be on the qualified immunity analysis and whether the defendants violated a clearly established right.

[4] The report, (Doc. 48 at 37 n. 14), correctly notes that Robertson's requests for the court to stay his case, (Doc. 30 at 5, para. 4.4 & Doc. 52 at 2), if the court finds that he was still under supervision with respect to his 2017 criminal case during the relevant time, while he proceeds with his state court appeals. However, this will be denied since the instant case "does not concern a claim based on the sentence in the 2017 [case]."

omitted). Further, '[i]t is available 'regardless of whether the government official's conduct results from a mistake of law, mistake of fact, or mistake based on mixed questions of law and fact.'" *Id*. (citation omitted). Generally, the Third Circuit has "found that claims alleging over-detention [or, similarly, over-supervision] under state law are best resolved under the 'clearly established' [qualified immunity analysis] prong, rather than the 'alleged violation' prong." *Id*.

"A right is clearly established when 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Id*. (citations omitted). Further, the court must "assess an alleged right in the specific context of the case", and "look to the objective legal reasonableness of the officer's actions 'in light of the legal rules that were clearly established at the time [the action] was taken.'" *Id*. (citation omitted).

No doubt that under Pennsylvania law, "[a] sentence for violation of parole 'is limited only by the maximum sentence' that could have been imposed under the original sentence." *Id*. at 740 (citing Commonwealth v. Presley, 193 A.3d 436, 445 (Pa. Super. Ct. 2018). Robertson claims that the defendants kept him on probation supervision after the expiration of his maximum term of his sentence in his 2016 case.

The report, (Doc. 48 at 38), concludes that "given that Robertson was on parole as to the 2017 docket during the relevant time frame, we cannot say that the defendants violated clearly established federal law in keeping him under supervision even if they erroneously told him that he was being supervised during the relevant time frame under the 2016 docket as well as the 2017 docket." The report, (Id. at 38-39), then finds that since "the parties have not pointed to any cases, nor are we aware of any cases, that hold that a probation or parole officer violates an individual's Eighth Amendment rights by continuing supervision under similar circumstances", "we conclude that the defendants are entitled to qualified immunity from Robertson's claim for damages."

The court agrees with the sound reasoning of the report since the defendants could not have known that Robertson was being subject to unwarranted punishment, the first required element of his 8th Amendment claim, *see* Wharton v. Danberg, 854 F.3d 234, 241 (3d Cir. 2017), since he was still on supervision as to his 2017 case during the relevant time. As such, "[b]ecause the defendants did not have knowledge of a constitutional

violation, [Robertson] is unable to satisfy the first element of the 'clearly established' test." Andrew v. Buskirk, 775 F.App'x at 741-742.[5]

Thus, the court concurs with the report's finding that the defendants did not violate clearly established law in supervising Robertson with respect to his 2016 case after his maximum sentence expired.

The court has considered all of the findings in Judge Schwab's report recommending that the defendants' motion to dismiss Robertson's amended complaint be granted, to the extent stated above, and finds no clear error of law. As such, the court agrees with the sound reasoning which has led Judge Schwab to the conclusions in her report.

## IV.   CONCLUSION

Based upon the foregoing, the court will **ADOPT IN ITS ENTIRETY** Judge Schwab's report and recommendation, **(Doc. 48)**, and it will **GRANT** the defendants' motion to dismiss, **(Doc. 32)**, Robertson's amended

---

[5]As noted above, the report, (Doc. 48 at 34), states the correct three elements a plaintiff must demonstrate to establish an official's violation of a clearly established right with regard to an 8th Amendment over-detention claim, the court does not repeat it herein. *See also* Montanez, 603 F.3d at 252.

complaint, **(Doc. 30)**, to the extent stated above. An appropriate order follows.


s/*Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 27, 2022**
20-1736-01